<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX LAMBERTI-LEDEZMA,<br><br>    Plaintiff,<br><br>    v.<br><br>FCI FORT DIX WARDEN,<br><br>    Defendant. | No. 25cv10040 (EP) (JBC)<br><br>**OPINION** |
| FELIX LAMBERTI-LEDEZMA,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN – FCI FORT DIX,<br><br>    Defendant. | No. 25cv14006 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Felix Lamberti-Ledezma, formerly a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this Action[1] for damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and for injunctive relief pursuant to 28 U.S.C. § 1331.[2] D.E. 1 ("Complaint" or "Compl.").

---

[1] The Court refers to Plaintiff's first-filed civil action, No. 25cv10040, as the "Action" throughout this Opinion. Unless otherwise indicated, all docket citations are citations to the docket in this Action.

[2] Although Plaintiff has invoked jurisdiction under 42 U.S.C. § 1983, the sole defendant to the Complaint is the warden of FCI Fort Dix, a federal official. *See generally* Compl. "[A] *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Thus, Plaintiff's constitutional claim for damages arises under *Bivens*. Plaintiff also seeks injunctive relief. Compl. at 1.

Plaintiff also moves to consolidate this Action with *Lamberti-Ledezma v. Warden FCI Fort Dix*, No. 25cv1975 ("Habeas Action") and *Lamberti-Ledezma v. Warden FCI - Fort Dix*, No. 25cv14006 ("Second Civil Action"), and requests that the Court appoint pro bono counsel. D.E. 5 ("Motion to Consolidate and Appoint Counsel"). For the reasons discussed below, the Court will **DISMISS** the Complaint *without prejudice* pursuant to 28 U.S.C. § 1915A(b) and **DENY** Plaintiff's Motion to Consolidate and Appoint Counsel *without prejudice*.

I.   BACKGROUND[3]

This Action is related to the Habeas Action brought by Plaintiff under 28 U.S.C. § 2241. On May 21, 2025, this Court dismissed the habeas petition without prejudice for lack of jurisdiction. Habeas Action, D.Es. 5 ("Habeas Opinion") & 6 ("Habeas Order").

On June 6, 2025, Plaintiff filed this Action. D.E. 1. Plaintiff then filed the Second Civil Action on July 25, 2025. Second Civil Action, D.E. 1.

On or about August 12, 2025, Plaintiff paid the filing fee for this Action and summons was issued for service on Defendant FCI Fort Dix Warden ("Warden"). On August 17, 2025, Plaintiff filed his Motion to Consolidate and Appoint Counsel, seeking to consolidate this Action with the Habeas Action and the Second Civil Action.

---

"[W]here an action is brought under [28 U.S.C. §] 1331 . . . jurisdiction is sufficiently established by allegation of a claim under the Constitution or federal statutes[.]" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 279 (1977).

[3] The facts in this Section and Opinion derive from the Complaint's well-pled factual allegations, including the attached exhibits. The Court presumes the factual allegations to be true for purposes of screening the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint summarily describes the attached exhibits. Compl. at 12. The Court will cite to the more detailed facts contained in the exhibits.

Plaintiff was released from prison on June 4, 2025. D.E. 6 ("Aug. 25 Letter"). He is subject to an immigration final order of removal and will voluntarily depart the United States on October 15, 2025. D.E. 11 ("Sept. 22 Letter"). Plaintiff wishes to continue this Action and seeks appointment of counsel because he is unable to represent himself from outside the country. *Id.*

The sole Defendant to the Complaint is the warden of FCI Fort Dix in New Jersey. *See generally* Compl. Plaintiff alleges he received negligent medical care while in the custody of the Bureau of Prisons ("BOP") between 2013 and 2025. *Id.* In 2013, Plaintiff was 69 years-old and incarcerated in a federal prison in Louisiana. Ex. D at 2–3.[4] He was diagnosed with severe bone-on-bone degenerative joint disease in his right hip and advised of treatment options, including total hip arthroplasty, dependent on approval by the prison. *Id.*

Ten years later, Plaintiff was incarcerated at FCI Allenwood in Pennsylvania. Ex. E at 7. On February 14, 2023, a physician determined that Plaintiff needed an artificial hip, and that he would be scheduled for surgery. *Id.* On June 17, 2024, Plaintiff filed an administrative remedy request with the BOP, stating he was informed on June 7, 2023, that the BOP had denied his request for hip surgery, citing his need for weight loss. Ex. A at 1. Plaintiff requested reconsideration based on his inability to exercise or maintain a proper diet in prison. *Id.* The following month, a physician determined that Plaintiff was a good candidate for total hip replacement, noting surgery would be scheduled pending BOP approval. Ex. H at 11.

Plaintiff was transferred to FCI Fort Dix, where he had an initial health status review on January 8, 2025. Compl. at 2; Ex. J at 13–15. Plaintiff was 80 years-old and used a wheelchair and walker. Ex. J at 14. The same day, Plaintiff had a consultation with Dr. Thomas Bills, who

---

[4] For citations to the Complaint, the Court will cite to the original page numbers. For the exhibits to the Complaint, filed at D.E. 1-2, the Court will cite to the page numbers assigned by the Court's Case Management Electronic Filing system at the top of the page.

3

recommended that Plaintiff be transferred to a prison that could accommodate inpatient surgery and extensive postoperative physical therapy. Ex. L at 19.

In December 2023, the Department of Homeland Security ("DHS") filed an immigration detainer against Plaintiff to secure his transfer to custody for removal from the United States upon his release from prison, noting his release was tentatively scheduled for June 4, 2025. Ex. F at 8. On April 3, 2025, Plaintiff's unit team at FCI Fort Dix informed him of his impending supervised release, indicating his residence as "homeless" in Venezuela. Ex. N at 22.

Plaintiff requests that the Court order: (1) his transfer to another prison or stop his release to DHS custody for removal until this case is finally resolved, (2) that BOP transfer him to a Federal Medical Center for total hip and joint replacement and aftercare, (3) a medical hold against his release upon his sentence expiration until his complete recovery from surgery, and (4) monetary damages, prepaid taxes and interest. Compl. at 1, 4.

## II.    SCREENING UNDER 28 U.S.C. § 1915A(b)

When a prisoner plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity in a complaint in a civil action, the district court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(A)(b). The legal standard for dismissal under this section is the same as under Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts, however, must also liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Additionally, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and may do so by raising the issue *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Applying this standard to Plaintiff's claims here, the Court finds that it must **DISMISS** Plaintiff's Complaint *without prejudice*.

A.     **Eighth Amendment Inadequate Medical Care - Prospective Injunctive Relief**

Plaintiff seeks prospective injunctive relief directing BOP to retain him in custody and provide hip replacement surgery and post-operative care. Compl. at 1. Although Plaintiff uses the word "negligence" in his Complaint, he alleges a constitutional violation.[5] Therefore, the Court construes the Complaint as alleging Warden was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Plaintiff's release from BOP custody on June 4, 2025, *see* Aug. 25 Letter, calls jurisdiction over his claim for injunctive relief into question. Article III provides federal courts with jurisdiction over *live* cases and controversies. *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020) (emphasis added). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016), *as revised* (Feb. 9, 2016) (citation modified). Plaintiff's request for injunctive

---

[5] Medical negligence does not rise to the level of a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Only "deliberate indifference to serious medical needs of prisoners" is "proscribed by the Eighth Amendment[,] . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Unless a non-medical prison official has actual knowledge of, or a reason to believe "prison doctors or their assistants are mistreating (or not treating) a prisoner," the official will not be liable for deliberate indifference to a serious medical need. *Spruill*, 372 F.3d at 236.

relief to cure the alleged unconstitutional conditions of confinement—the failure to provide him with adequate medical care—was mooted by Plaintiff's release from BOP custody. *See, e.g.*, *Lemus-Morales v. United States*, No. 22-2501, 2025 WL 2394393, at *9–10 (D. Colo. Mar. 31, 2025) (finding no jurisdiction over claim seeking future medical care where former federal prisoner plaintiff had been released from BOP custody); *see also Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003), *as amended* (May 29, 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). Accordingly, the Court will **DISMISS *without prejudice*** Plaintiff's Eighth Amendment claim for injunctive relief as moot.[6]

### B.     Eighth Amendment Inadequate Medical Care – Damages

Plaintiff also seeks monetary damages for an Eighth Amendment violation. 42 U.S.C. § 1983 creates a damages claim against state actors for constitutional violations, but Congress has never passed similar legislation with respect to federal actors. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). Although the Supreme Court has implied a damages remedy against federal actors in three prior cases,[7] in *Egbert v. Boule*, the Supreme Court instructed district courts that courts should refrain from doing so if there is "any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. 482, 492 (2022).

Applying *Egbert*, the Third Circuit recently declined to imply a damages remedy with respect to a federal prisoner's claim for inadequate medical care. *Muniz v. United States*, 149 F.4th

---

[6] Ordinarily, dismissal for lack of subject matter jurisdiction is without prejudice because it is not a determination on the merits of the claim. *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980).

[7] The first of those cases was *Bivens*, and constitutional claims for damages against federal actors subsequently became known as *Bivens* claims. *Abbasi*, 582 U.S. at 131–32.

256 (3d Cir. 2025).  The Circuit explained that the BOP did not have an administrative remedy program ("ARP") for prisoners to file grievances to remedy the failure when the Supreme Court had previously recognized a damages remedy for an Eighth Amendment inadequate medical care claim by a federal prisoner.  *Id.* at 263.  The *Muniz* court accordingly found that the plaintiff's Eighth Amendment inadequate medical claim arose in a new context, requiring the court to determine whether "special factors" counseled against recognizing a damages remedy.  *Id.* at 263– 64.  And, ultimately, the court held that the "availability of the BOP ARP [was] a 'special factor' suggesting that a damages remedy "risk[ed] interfering with the authority of the other branches[,] . . . foreclos[ing] *Bivens* relief."  *Id.*  (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

This case is analogous to *Muniz* in all meaningful respects.  Plaintiff raises an Eighth Amendment claim for inadequate medical care, and the ARP was available to Plaintiff, as indicated by his filing of an administrative remedy request and receiving a response thereto.  *See* Exs. A & B.  The Court must therefore decline to imply a damages remedy for Plaintiff's Eighth Amendment claim and **DISMISS** Plaintiff's claim for damages ***without prejudice***.[8]

C.     **Federal Tort Claims Act**

Plaintiff's allegation of negligence, aimed at the BOP for not timely scheduling his hip replacement and post-operative care, sounds in tort.  Such a claim may be brought solely against the United States under the Federal Tort Claims Act ("FTCA"), subject to certain limitations.  *See*

---

[8] If Plaintiff can allege facts indicating the ARP was unavailable to him at FCI Fort Dix, he may file an amended complaint.  However, Plaintiff must also name a defendant who was personally involved in the alleged deliberate indifference to his serious medical needs.  *See Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 889 (3d Cir. 2016) (finding the plaintiff "failed to demonstrate that any of the supervisory [d]efendants were actually involved in the alleged unconstitutional conduct, or that they established and maintained a policy, practice or custom which directly caused [the] constitutional harm" (citation modified)).  Plaintiff did not allege in his Complaint how Warden was personally involved in the denial of, or delay in, providing him with adequate medical care.

7

28 U.S.C. § 1346. Plaintiff has not raised an FTCA claim here, but even if he wishes to bring such a claim, there is a jurisdictional requirement that he must first file a claim with the appropriate agency, and receive a final denial of the claim before filing a lawsuit. *See* 28 U.S.C. § 2675(a). It does not appear from the Complaint that Plaintiff has done so. Therefore, the Court will not construe the Complaint to raise a claim under the FTCA.

### III. MOTION TO CONSOLIDATE AND APPOINT COUNSEL

Plaintiff has also filed a Motion to Consolidate and Appoint Counsel, seeking to consolidate this Action with the Habeas Action and the Second Civil Action.

Because the Court dismissed Plaintiff's habeas petition for lack of jurisdiction in the Habeas Action, *see* Habeas Opinion & Habeas Order, the Court will **DENY** Plaintiff's Motion to Consolidate this Action with the Habeas Action *without prejudice* as moot.

The Court further finds that the Second Civil Action is duplicative of this Action, as the complaints in those actions are identical. *Compare* Compl., *with* Second Civil Action, D.E. 1. The Court will accordingly **DISMISS** the Second Civil Action[9] *without prejudice* and therefore **DENY** Plaintiff's Motion to Consolidate this Action with the Second Action *without prejudice* as moot.

Finally, the Court will **DENY** Plaintiff's Motion for Appointment of Counsel *without prejudice* as moot given that the Court has dismissed each of Plaintiff's actions.

### IV. CONCLUSION

For the reasons stated above, the Court will: (1) **DISMISS** *without prejudice* Plaintiff's Eighth Amendment claim for injunctive relief for lack of jurisdiction as moot; (2) **DISMISS** *without prejudice* Plaintiff's Eighth Amendment claim for damages for failure to state a

---

[9] "'As part of its general power to administer its docket,' a district court may dismiss a duplicative complaint." *Fabics v. City of New Brunswick*, 629 Fed. App'x 196, 198 (3d Cir. 2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

cognizable *Bivens* claim; (3) **DISMISS** *without prejudice* the Second Civil Action; (4) **DENY** Plaintiff's Motion to Consolidate and Appoint Counsel *without prejudice* as moot; (5) and **GRANT** Plaintiff leave to file an amended complaint in this Action within **45 days**.  An appropriate Order follows.


Dated: October 30, 2025

*[signature]*
_____
Evelyn Padin, U.S.D.J.
